**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JULIO FIGUEROA,** | : | |
| **Petitioner** | : | **CIVIL ACTION NO. 3:19-0210** |
| **v** | : | **(JUDGE MANNION)** |
| **Warden SCOTT FINLEY,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

**I.    Background**

On February 6, 2019, Petitioner, Julio Figueroa, a former inmate confined in the Schuylkill Federal Correctional Center, Minersville, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Figueroa alleges a violation of his due process rights regarding the processing of an incident report that resulted in a disciplinary hearing which resulted in loss of good time credit. Id. For relief, Figueroa requests that the Court expunge the incident report and restore all of his lost good conduct time and privileges. Id.

A review of the Federal Bureau of Prisons Inmate Locater reveals that Figueroa was released from custody on June 29, 2020. See https://www.bop.gov/inmateloc/.

For the reasons set forth below, the instant petition will be dismissed as moot.

II.   **Discussion**

The case or controversy requirement of Article III, §2 of the United States Constitution subsists through all stages of federal judicial proceedings. Parties must continue to have a "personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477–78 (1990); Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. Lewis, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original). "The rule in federal cases is that an actual controversy must be extant at all stages of review, not

merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F.Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488 (1974)). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Lane v. Williams, 455 U.S. 624, 631 (1982).

In the instant case, because Figueroa has been released from custody, his habeas petition has been rendered moot. See Rodriguez-Leon v. Warden, 602 F. App'x 854 (3d Cir. 2015); Scott v. Schuylkill FCI, 298 F. App'x 202 (3d Cir. 2008); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008). An appropriate Order will enter.

### III.    <u>Conclusion</u>

For the reasons stated above, the petition for a writ of habeas corpus will be **DISMISSED**. An appropriate order will follow.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: December 3, 2020**
19-0210-01